UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOUTHFIELD RADIOLOGY
ASSOCIATES, PLLC, a Michigan
professional limited liability
company, f/k/a SOUTHFIELD
RADIOLOGY ASSOCIATES, P.C.,
a Michigan professional corporation,

    Plaintiff/Counter-Defendant,    Case No.  2:15-cv-12963-DPH-EAS
                                                      Hon. Denise Page Hood

-vs-

MEDICAL MANAGEMENT PROFESSIONALS, LLC,
a/k/a ZOTEC, an Indiana limited liability company,

    Defendant/Counter-Plaintiff.
_____/

| | |
|---|---|
| Henry M. Nirenberg (P36847) | Peter B. Kupelian (P31812) |
| Barry Rosenbaum (P26487) | Carol G. Schley (P51301) |
| David Hansma (P71056) | Clark Hill, PLC |
| Seyburn Kahn, P.C. | Attorneys for Defendant |
| Attorneys for Plaintiff | Suite 200 |
| 2000 Town Center, Suite 1500 | 151 South Old Woodward Ave. |
| Southfield, MI 48075 | Birmingham, MI 48226 |
| (248) 353-7620 | (248) 642-9692 |
| hnirenberg@seyburn.com | pkupelian@clarkhill.com |
| brosenbaum@seyburn.com | cschley@clarkhill.com |
| dhansma@seyburn.com | |
| | Offer Korin, Atty. No. 14014-49 |
| | Katz & Korin, PC |
| | 334 N. Senate Avenue |
| | Indianapolis, IN  46204 |

_____/

**STIPULATED PROTECTIVE ORDER**

Upon agreement of the Parties, the Court sets forth the following procedures for, and rules governing, the use of confidential and/or proprietary Discovery Material, in this case:

1. IT IS ORDERED that all Discovery Material produced in discovery in the Litigation shall be used solely for purposes of this Litigation and for no other purpose. If, in the course of discovery or other proceedings in this action, Defendant or Plaintiff or any Third Party discloses Discovery Material they deem to be confidential or proprietary business information, the producing entity may designate such Discovery Material as "Confidential." Discovery Material designated as Confidential, and all copies, summaries, or extracts thereof, shall be referred to herein as "Confidential Material," and shall be subject to all the terms of this Protective Order ("Order").

2. Documents may be designated Confidential by stamping each page of the document with the corresponding legend or by some other written designation. Deposition testimony may be designated Confidential by so indicating orally on the record during the deposition, or by subsequent designation in writing by the deponent or his/her attorney, or any attorney for any party. The designated pages of the transcript of any such deposition shall be marked by the court reporter with the appropriate legend.

3. Any person in possession of Confidential Material shall maintain it in a secure and appropriate manner so as to avoid disclosure of its contents in any manner not permitted by this Order.

4. Confidential Material shall not be disclosed, except as specifically provided in Paragraphs 5 and 6, and except upon prior written consent of the designating party.

5. Confidential Material may be disclosed only to the extent reasonably necessary for the conduct of the Litigation and only to the following:

    (a) The Judge and his personnel;

    (b) Court reporters in connection with the taking of a deposition or the transcription of proceedings;

    (c) Attorneys of the parties to the Litigation and of non-parties producing discoverable material, who are directly involved in the Litigation and such attorneys' employees who are directly involved in the Litigation;

    (d) Parties to the Litigation and only individual officers, directors, trustees, and employees with a direct need to review the Confidential Material solely for purposes of the Litigation;

    (e) The creator of such Confidential Material and persons who received a copy thereof outside of its production in the Litigation; and

(f) Experts, advisors, and consultants, engaged to assist directly in the Litigation.

However, under no circumstances shall MMP's Confidential Material be provided to, or shared with Southfield Radiology Associates, PLLC's current billing vendor.

6. With respect to persons specified in Paragraphs 5(f) above, providing counsel shall deliver a copy of this Order and obtain the person's written agreement to be bound by the Order before disclosing Confidential Materials. With respect to all persons specified in Paragraphs 5 above, any testimony concerning Confidential Material and/or Confidential Attorney Eyes Only shall itself be deemed Confidential Material. A person's agreement to be bound by the terms of this Order is also an agreement to submit to the jurisdiction of the Court solely for purposes of enforcing this Order.

7. In the event that counsel for any Party or affected Third Party to this Order at any time believes that Confidential Material should cease to be so designated, such counsel shall so notify counsel for the designating party. Counsel for the challenging and designating parties shall confer in good faith within ten business days of such notification in an effort to resolve the matter by agreement. If agreement is not reached within ten business days thereafter, the designating party shall have the burden of moving to obtain an appropriate

protective order. In the event that such a motion is made, any disputed Discovery Material shall remain subject to and protected by this Order until such motion is resolved.

8. Compliance with the terms of the Order shall not be deemed an admission that any Discovery Material is not otherwise protected from disclosure or admissible in evidence and shall not constitute a waiver of the right of any person to object to the production of any Discovery Material for any reason whatsoever, including, but not limited to, the attorney-client privilege and attorney work-product doctrine.

9. This Order shall have no effect upon a designating party's use of its own Confidential Material.

10. The inadvertent failure to designate Discovery Material "Confidential" may be corrected by supplemental written notice to the receiving party as soon as practicable, and the receiving party shall make all reasonable efforts to retrieve all copies, if any, of such documents disclosed to persons other than those listed in Paragraphs 5 hereof and to prevent further use or disclosure of Confidential information contained therein by such persons.

11. If any person in possession of Confidential Material is served with any legal process or other request seeking production of such material, such person shall give the designating party (a) prompt written notice of the receipt of such

request; (b) a copy of any proposed response to such request at least two business days prior to furnishing such response; and (c) written notice of any hearing or other proceeding relating to such requests at least five business days prior to such hearing or other proceeding (unless such person receives less than five business days' notice, in which event notice shall be given the same day as such person receives notice). Nothing herein shall be construed as requiring the person served with any legal process or other request seeking production of any Discovery Material to refuse to comply with its legal obligations regarding such process or request.

12. Nothing in this Order shall be deemed in any way to restrict the use of Discovery Material that (a) was in the public domain at the time of disclosure to the receiving party or later entered the public domain through no fault of the receiving party; (b) was known to the receiving party prior to disclosure by the disclosing party by virtue of its documentation in pre-existing records of the receiving party; (c) is disclosed to the receiving party by a third party who did not obtain the information directly or indirectly from the disclosing party; or (d) has been independently developed by the receiving party without access to the Confidential Material.

13. To the extent that there is any conflict between the terms of this Order and the Federal Rules of Civil Procedure, this Order will govern.

14. Upon request of a designating party, additional protective measures, such as *in camera* review of certain items, may be instituted by the Court.

15. Upon request of the designating party, and following the termination of this action and any related proceedings and appeals, any person in possession of Confidential Material shall either (a) promptly return such material to counsel for the designating party; or (b) certify in writing to counsel for the designating party that all such material and copies, summaries, and extracts thereof have been destroyed; provided, however, that parties and their counsel may retain copies of attorney work-product and briefs, pleadings, and other papers filed with or sent to the Judge that incorporate, append, or refer to such material, with such papers remaining subject to the terms and conditions of this Order.

16. In the event that any person shall violate or threaten to violate any of the terms of the Order, the aggrieved party may seek an appropriate remedy from the Judge, including a request for injunctive relief.

17. The terms of this Order shall be effective and the parties and their counsel shall be bound by the terms of this Order on the date the Order is signed by the Court. Third Parties seeking the protection of this Order are bound by its terms upon signing a copy of this Order.

18. The terms of this Order shall not terminate at the conclusion of the Litigation.

19.   In the event that Confidential Material must be filed with the Court, it is to be sealed and handled in accordance with this Order.

IT IS SO ORDERED.

Dated:  March 4, 2016

<u>s/Denise Page Hood</u>
Hon. Denise Page Hood
Chief Judge, U. S. District Court

**Agreed and approved as to form for entry:**

By: /s/ Barry M. Rosenbaum (P26487)  
SEYBURN KAHN  
Henry M. Nirenberg (P36847)  
Barry M. Rosenbaum (P26487)  
David F. Hansma (P71056)  
Attorneys for Plaintiff  
2000 Town Center, Suite 1500  
Southfield, MI 48075  
(248) 353-7620  

By:  /s/ Peter B. Kupelian (w/consent)  
CLARK HILL, PLC  
Peter B. Kupelian (P31812  
Carol G. Schley (P51301)  
Attorneys for Defendant  
Suite 200  
151 South Old Woodward Ave.  
Birmingham, MI 48226  
(248) 642-9692  
pkupelian@clarkhill.com  
cschley@clarkhill.com  

Offer Korin, Atty. No. 14014-49  
Katz & Korin, PC  
334 N. Senate Avenue  
Indianapolis, IN  46204  

By:_____  
                                         Date  
[Print Name]_____  

[Company]_____  

Non-Party Records Deponent